VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-305



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

Grey Barreda v. Handy's Service Center\*    }    APPEALED FROM:
                                          }    Superior Court, Chittenden Unit,
                                          }    Civil Division
                                          }    CASE NO. 23-CV-03278
                                               Trial Judge: Navah Spero

In the above-entitled cause, the Clerk will enter:

Defendant Handy's Service Center appeals judgment in favor of plaintiff Grey Barreda. On appeal, defendant argues that there was insufficient evidence to support the court's finding that defendant's negligence caused plaintiff's loss.  We affirm.

Plaintiff sued defendant towing company alleging that his vehicle was damaged in defendant's care and defendant was responsible for items stolen from the vehicle when it was in defendant's possession.  The court found the following after a bench trial.  Plaintiff owned a vehicle in which he sometimes lived.  In January and February 2023, he was not driving the vehicle.  In March 2023, he had his vehicle towed to a mechanic's garage for repairs to ensure the vehicle was drivable.  Plaintiff asserted that the vehicle had a temporary paper registration on it.

Plaintiff did not approve the repairs recommended by the garage or retrieve his car and communication between him and the repair shop broke down.  The repair shop then contacted defendant towing company and asked defendant to remove what it believed to be an abandoned vehicle.  Defendant retrieved the vehicle and placed it in a storage lot.  Plaintiff was not notified as defendant did not observe any identifying information on the vehicle.  Plaintiff learned the vehicle was at the lot but did not attempt to retrieve it and the vehicle remained there for nine months.

Defendant took photographs of the vehicle before it was towed.  There was no visible material damage to the vehicle other than two flat tires.  The photographs show many items stored inside.  The lot is locked and gated, and the owner of defendant company testified that two men live in a trailer on the lot to act as security.  There was no testimony that the people who live in the trailer do anything proactive to protect the vehicles, such as patrol at night, monitor security cameras, or make their presence known.  While the vehicle was at defendant's lot, plaintiff checked on it approximately once a month, and in April 2023, observed that items had

been removed.  He also received items from the vehicle from a person claiming to work for defendant.

Defendant contested that items were taken from plaintiff's vehicle or that the vehicle was damaged, but defendant's tow-truck driver testified that when he towed the vehicle from the lot to the salvage yard, one of the back windows was broken.  Although defendant's driver testified that photographs were taken both before the vehicle was initially towed and when it was moved to the salvage yard, defendant did not introduce the photographs from the second transfer at trial.

Based on these facts, the court concluded that defendant did not follow the statutory procedures applicable to abandoned vehicles and was liable for the items stolen.  The court relied on 23 V.S.A. § 2152(b)(2), which addresses abandoned vehicles:

> (2) A landowner of private property is authorized to remove or cause removal of an abandoned motor vehicle from that property or to any other place on any property of the landowner, and may contact a towing service for its removal.  A landowner who removes or causes removal of an abandoned motor vehicle shall immediately notify the police agency in the jurisdiction from which the vehicle is removed and provide the registration plate number, the public vehicle identification number, if available, and the make, model, and color of the vehicle.  The landowner may remove the vehicle from the place where it is discovered to any other place on any property owned by him or her, or cause the vehicle to be removed by a towing service under the provisions of this subsection, without incurring any civil liability to the owner of the abandoned vehicle.

The court reasoned that after defendant removed plaintiff's vehicle from the garage, defendant or the garage was obligated to notify the police agency and provide the information listed in the statute to be absolved from civil liability.  In addition, under 23 V.S.A. § 2153, within ninety days of when the vehicle was discovered or relocated, either the garage or defendant was required to apply to the Department of Motor Vehicles for an abandoned-motor-vehicle certification.

Because defendant did not follow the procedures in the statute, the court concluded that the vehicle was not abandoned, and defendant was required to maintain a duty of care.  The court held that defendant failed to meet its duty of care by not exercising an appropriate level of supervision over the lot.  The court found that plaintiff met his burden of proving that several items were in the vehicle and had value.  These were: three drills, a Sawzall, two nail guns, a full toolkit, an emergency medicine kit, thumb drives, a tire jack, and a Go Pro camera.  For other items, the court found that either plaintiff did not establish they were in the vehicle or their value.  In addition, the court found that plaintiff did not establish that defendant was responsible for physical damage to the vehicle.  The court awarded plaintiff $2380 in damages to compensate for the items stolen from his vehicle.  Defendant appeals.

On appeal, defendant argues that plaintiff did not establish that defendant's negligence caused plaintiff's damages because plaintiff did not show that the items were in the car when it was towed or that defendant's employees took the property.  "Our standard of review of a trial court's findings made following a bench trial is limited."  Soon Kwon v. Edson, 2019 VT 59, ¶ 23, 210 Vt. 557.  Factual findings are "viewed in the light most favorable to the prevailing

2

party, disregarding modifying evidence," and even findings contradicted by substantial evidence will be affirmed unless "no credible evidence" supports them. Id. (quotations omitted). We leave it to that court, in its role as factfinder, "to determine the credibility of witnesses and the persuasive effect of the evidence." Moyers v. Poon, 2021 VT 46, ¶ 21, 215 Vt. 118 (quotation omitted).

Plaintiff testified that he had items stored in the vehicle when defendant took possession of the vehicle. He also stated that the items were removed while the vehicle was in defendant's possession. He listed the property items and the value of the items. Defendant's tow-truck driver testified that when he picked up the vehicle, he took photographs, and he saw items in the vehicle. Although defendant alleges that plaintiff's testimony was not credible, that determination was for the trial court, and we will not second-guess that assessment on appeal. Contrary to defendant's claim, plaintiff did not require corroborating evidence to support his assertion that items were in the vehicle and went missing under defendant's care. Plaintiff's testimony was sufficient to support the court's findings.

Defendant also claims that the trial court used an incorrect legal standard. Defendant argues that it was insufficient for plaintiff to simply allege that the items were missing; plaintiff was required to show that defendant took his items. Plaintiff was not required to prove intentional acts on defendant's part because plaintiff alleged that defendant acted negligently and carelessly. Consequently, the trial court did not err in assessing plaintiff's claims under a negligence framework and assessing whether defendant exercised the appropriate level of care regarding plaintiff's vehicle and its contents.

Defendant also asserts on appeal that it was not responsible for safekeeping plaintiff's personal property inside the vehicle because it was not on notice of the contents. Defendant argues that once a bailment of a vehicle is established, the vehicle owner must provide notice to the bailor of the presence of property in the vehicle in order to receive compensation for any lost property, citing Tufford v. Layman, 911 F.2d 739 (9th Cir. 1990) (unpub. table decision). Therefore, defendant claims that it is not responsible for any lost items because plaintiff did not provide such notice.

Defendant has not demonstrated that this argument was raised below and therefore not preserved for appeal. See V.R.A.P. 28(a)(4)(A) (requiring appellant to demonstrate how issue preserved). "To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). "The very purpose of the preservation rule is to ensure that the original forum is given an opportunity to rule on an issue prior to our review." In re White, 172 Vt. 335, 343 (2001). At trial, the court specifically asked defendant for its legal argument on who was responsible for safeguarding items in the vehicle. Defendant represented that generally it is the lot owner's responsibility to safeguard items in the lot. Defendant argued, however, that once a vehicle is in the lot for a long time and "appears to be abandoned with no indication of ownership," the duty of the landowner is reduced. In its post-trial memorandum, defendant argued that the vehicle was abandoned and therefore defendant was not civilly liable.* At no point did defendant argue that plaintiff could not recover compensation for lost items

---

* The trial court determined that defendant had not complied with the statute and therefore the vehicle was not abandoned within the meaning of the statute. Defendant does not challenge that conclusion on appeal.

unless plaintiff provided prior notice to defendant regarding the contents of the vehicle. Because the argument was not preserved, we do not address it on appeal.

Finally, defendant argues that the trial court's valuation of the items was erroneously based on replacement cost. Defendant has not demonstrated how it preserved this argument for appeal. Therefore, we do not address it.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice